IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT VERLYN BATESON,

Petitioner,

vs.

SUPERINTENDENT RICK ANGELOZZI,

Respondent.

Case No. 3:17-cv-01989-MK
**OPINION AND ORDER**

AIKEN, District Judge:

United States Magistrate Judge Jolie Russo issued her Findings and Recommendation ("F&R") (doc. 18) in this case on August 21, 2018. Judge Russo recommended that petitioner Robert Bateson's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2) be denied and the case be dismissed. For the reasons explained below, the Court ADOPTS the F&R and DENIES petitioner's petition (doc. 2).

**STANDARD OF REVIEW**

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's F&R to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the Court must review a magistrate judge's findings and recommendations *de novo* if objection is made, "but not otherwise"). Although in the absence of objection no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## DISCUSSION

On November 17, 2017, petitioner signed his petition for writ of habeas corpus, alleging two claims of ineffective assistance of counsel. Respondent argues that the petition is untimely and petitioner's claims are barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). Judge Russo found that petitioner failed to file his petition within the relevant limitations period and rejected petitioner's claim of equitable tolling, which was based on petitioner's assertion that his appellate attorney negligently failed to file a direct appeal on his behalf.

Petitioner filed timely objections (doc. 20), and respondent filed a response (doc. 21). Therefore, I will review *de novo* the specific portions of the F&R to which petitioner objected.

Petitioner objects to Judge Russo's determination that his attorney's alleged inaction did not entitle petitioner to equitable tolling. Judge Russo explained that a petitioner is "entitled to equitable tolling 'only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.' Holland, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Id." F&R at 3. Judge Russo reasoned

> Petitioner's arguments do not support equitable tolling. Although petitioner maintains that an appellate attorney thwarted his attempt to file an appeal, the attorney informed him that he could not appeal the eighty-month sentence imposed in his case. Pet'r Response, Att. 2 (ECF No. 17-1). Even if petitioner could establish that the attorney's alleged inaction constituted extraordinary circumstances and contributed to the untimeliness of his federal petition, petitioner fails to establish that he pursued his rights diligently. After judgment was entered on petitioner's PCR petition in April 2017, petitioner did not appeal and did not seek federal habeas relief until November 2017.

*Id.* at 4. I agree with Judge Russo's analysis of the issue and find no error in this portion of the F&R.

Petitioner also asserts, for the first time, additional grounds for equitable tolling. In his objections, petitioner stated that he had proof of several weeks during which he could not access the law library because of prison lock downs and several weeks during which he could not work on his habeas petition because he was engaged fighting out-of-district wildfires. But petitioner did not attach any evidence to support his assertions.

I issued an Order (doc. 23) allowing petitioner to submit additional documentation supporting his new claims. Petitioner filed his supplemental documentation (doc. 24) on October

29, 2018. I also granted respondent leave to reply to petitioner's supplemental documentation, which respondent filed on November 28, 2018. (doc. 28).

Ordinarily, reviewing courts do not consider evidence or arguments that were raised for the first time in objections. However, because petitioner is *pro se* and his arguments and evidence concern equitable tolling, the Court exercises its discretion to consider petitioner's new equitable tolling arguments and the additional evidence supporting them. *Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013).

Having reviewed petitioner's objections and evidence and respondent's reply, I conclude that petitioner's new arguments do not support equitable tolling. First, petitioner alleges that extended prison lock downs prevented him from accessing the law library to work on his direct appeal and state post-conviction relief ("PCR") petition. Petitioner offers "Law Library Request Form[s]" reflecting petitioner's requests to access the law library from January 2016 through December 2016. (doc. 24, Ex. 1 at 8-28) The forms do not support petitioner's argument that he was denied access to the law library for extended periods of time, however. Instead, the evidence suggests that petitioner had regular access to the law library and to a legal assistant from the time that a final judgment of conviction was entered to the time that he filed his state PCR petition. Petitioner is not entitled to equitable tolling on this ground.

Next, petitioner alleges that he was not able to access the law library to work on his habeas petition for 46 days while working as a fire fighter. Petitioner offers a Certificate of Achievement (doc. 24, Ex. 1 at 29) that indicates that he served as a wildland firefighter on nine fires during the 2017 fire season. Petitioner also offers a record of his trust account, which reflects that he was paid for his work on at least two of the fires on May 23 and May 24, 2018. (doc. 24, Ex. 1 at 30). Neither that record, nor the certificate indicates when or for how many days petitioner fought fires

in 2017. Petitioner's evidence does not demonstrate that his fire-fighting work contributed to the untimeliness of his federal habeas petition or that the work constituted extraordinary circumstances beyond petitioner's control. Petitioner is not entitled to equitable tolling on this ground.

Because petitioner's petition was untimely and he is not entitled to equitable tolling, his petition is barred by the statute of limitations.

## CONCLUSION

The Petition for Writ of Habeas Corpus (doc. 2) is DENIED and this case is DISMISSED with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is also DENIED.

IT IS SO ORDERED.

DATED this 7th day of February 2019.

Ann Aiken
United States District Judge